IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORBERTO ESTEVEZ RODRIGUEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-5345 |
| | : | |
| J.L. JAMISON, *in his official capacity as* | : | |
| *Warden, Federal Detention Center*, et al. | : | |

## <u>MEMORANDUM</u>

**Judge Juan R. Sánchez**                                                              **August 4, 2026**

Petitioner Norberto Estevez Rodriguez brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Estevez Rodriguez who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Norberto Estevez Rodriguez is a 47-year-old native of the Dominican Republic who entered the United States without inspection in May 2022 and has lived in the country ever since. Pet. ¶¶ 1, 15, Dkt. No. 1. On July 28, 2026, DHS detained Estevez Rodriguez at the mini market where he worked. *See id.* ¶¶ 2, 16-17. He is currently being detained at the Federal Detention Center (FDC) in Philadelphia. *Id.* ¶ 18. Estevez Rodriguez has never previously been in immigration proceedings, and as of July 29, 2026, DHS had not initiated removal proceedings with the immigration court. *Id.* ¶¶ 15, 17.

On July 29, 2026, Estevez Rodriguez filed the instant habeas petition, seeking release on the grounds that his detention pursuant to § 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act (INA) and his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. The Government responded to the petition

on August 3, 2026.    It maintains Estevez Rodriguez is lawfully detained pursuant to § 1225(b)(2)(A) under a correct interpretation of the statute and that such detention does not violate due process.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others, in this district and elsewhere, have previously resolved against the Government.  The provision in question—§ 1225(b)(2)(A)—states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  The Government argues that, as an "applicant for admission," Petitioner is necessarily "seeking admission" within the meaning of § 1225(b)(2)(A) and is therefore subject to mandatory detention "until he has been admitted or until his removal proceedings are complete." Resp'ts' Resp. 1-2, Dkt. No. 4.    In *Ndiaye v. Jamison*, however, this Court interpreted § 1225(b)(2)(A) to be limited to "noncitizens who are just arriving or have recently arrived in the country."  No. 25-6007, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025).  The Court found this interpretation was supported by the language of the statute—including the phrase "seeking admission," which "connotes some affirmative, present-tense action"—as well as the structure of the INA, longstanding agency practice, the passage of the Laken Riley Act, and the canon of constitutional avoidance.  *Id.* at *5-8.  The Court further held that detention of noncitizens already present in the country is governed by different provision—8 U.S.C. § 1226(a)—which "authorizes discretionary detention with the opportunity for a bond hearing." *Id.* at *4-5.

The Government acknowledges that courts in this district have addressed this issue in hundreds of prior cases, Resp'ts' Resp. 1, reaching the same conclusion this Court reached in

2

*Ndiaye*.  Nevertheless, the Government continues to press its contrary interpretation.  The issue is now the subject of a circuit split.  Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'"  *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  The Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."  *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("join[ing] the majority of circuits that have confronted th[e] question" and rejecting the government's argument that a noncitizen who is deemed an "applicant for admission" must also be "seeking admission"); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed.*

*Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[1]

While none of the foregoing appellate authority is binding on this Court, the decisions in *Barbosa da Cunha*, *Lopez-Campos*, *Cirrus Rojas*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa Da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Estevez Rodriguez] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Estevez Rodriguez's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2022, lived here for over four years, and was detained by ICE in the interior in July 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Estevez Rodriguez's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Resp'ts' Resp. 2.